# UNITED STATES DISTRICT COURT

for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Latrecia Pierce | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | ) |
| | ) |
| Portfolio Recovery Associates, LLC | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Corporation Service Company | ) |
|     2711 Centerville Road, Suite 400 | ) |
|     Wilmington, DE 19808 | ) |
| | ) |

Case No.   3:16-CV-803-DJH

## COMPLAINT

### INTRODUCTION

1.       This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

2.       Defendant Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by misrepresenting the amount of the debt owed by Plaintiff Latrecia Pierce and by attempting to collect costs which it was not legally entitled to recover from her.

### JURISDICTION

3.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4.       Plaintiff Latrecia Pierce is a natural person who resides in Jefferson County, Ky. Ms. Pierce is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.       Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which has registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6.      PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

### STATEMENT OF FACTS

7.      On April 14, 2016, PRA filed suit against Ms. Pierce in Jefferson District Court in an attempt to collect a charged off credit card debt originated by GE Capital Retail Bank as a JC Penney-branded charge card.

8.      The JC Penney charge card debt was incurred for personal, family, or household purposes, which makes the JC Penney charge card debt a "debt" within the meaning of the FDCPA.

9.      PRA moved for and was awarded a default judgment against Ms. Pierce on October 28, 2016.

10.     A true and accurate copy of the default judgment is attached as Exhibit "A."

11.     The Default Judgment provides in pertinent part:

> IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiff, Portfolio Recovery
>
> Associates, LLC, recover from the Defendant, LATRECIA PIERCE, the sum of $1,103.72, until
>
> the judgment is satisfied, together with costs herein expended. Plaintiff hereby waives all post-
>
> charge-off interest to which it may be entitled, including post judgment interest.

12.     The Default Judgment awards PRA its "costs herein expended."

13.     On November 21, 2016, PRA filed a Bill of Costs itemizing its allowable court costs.

14.     A true and accurate copy of PRA's Bill of Costs is attached as Exhibit "B."

15.     PRA's Bill of Costs sets forth the following itemized costs:

Judgment having been entered on the above-entitled action on the 28th day of October, 2016, in favor of [X] Plaintiff [ ] Defendant, the following shall be taxed as costs:

| | |
|---|---|
| Filing fee | $ $151.00 |
| Fees incident to serving of process and summoning of witnesses | $ $80.00 |

16.     No exceptions to the Bill of Costs were filed in the state-court action.

17.     Under Kentucky law, if no exception to a Bill of Costs is filed, the court clerk automatically endorses the amount of costs submitted by the prevailing party. Ky. Civ. R. P. 54.04(2).

18.     PRA's Bill of Costs falsely states both the amount of its "Filing Fee" and "Fees Incident to Serving of Process…."

19.     The filing fee for Jefferson District Court is $75.50.[1]

20.     PRA served Ms. Pierce by Deputy Sheriff. The fee for service by Deputy Sheriff is $40.00.[2]

21.     Consequently, PRA grossly overstated the amount of its actual costs in its Bill of Costs by $115.50.

22.     PRA violated the FDCPA by filing a Bill of Costs that greatly and grossly overstated the actual amount of PRA's costs. This constitutes a false representation of the amount of the judgment debt and an attempt to collect costs from Ms. Pierce that PRA had no legal right to recover from her.

## CLAIMS FOR RELIEF

23.     The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Latrecia Pierce requests that the Court grant her the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff maximum statutory damages;

3.     Award Plaintiff reasonable attorney's fees and costs;

4.     A trial by jury; and

---

[1] http://courts.ky.gov/courts/Jefferson/CivilDistrict/Pages/CostsFeesPayments.aspx (visited December 2, 2016).
[2] *Id.*

-4-

5.      Such other relief as may be just and proper.


                          Respectfully submitted,

                          /s/ James H. Lawson
                          **James H. Lawson**
                          *Lawson at Law, PLLC*
                          115 S. Sherrin Ave.
                          Suite 4
                          Louisville, KY 40207
                          Tel:     (502) 473-6525
                          Fax:     (502) 473-6561
                          james@kyconsumerlaw.com